UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN BRIAN MITCHELL,

    Plaintiff,

v.                                                          Case No. 17-C-920

ANDREW MOUNGEY,
MATTHEW BURNS,
TRACEY KAPPELL,
JENNIFER KACYON, and
JOHN DOE,

    Defendants.

**ORDER**

Plaintiff Kevin Brian Mitchell filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that his civil rights were violated. Presently before the court is Mitchell's motion to appoint counsel, motion to amend and supplement the complaint, motion to compel, and motion for sanctions. The court will address each motion in turn.

**A. Motion to Appoint Counsel**

Mitchell has filed a motion to appoint counsel. Having given Mitchell's request further consideration, I now conclude that it should be denied. Civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Yet, district courts have discretion to recruit attorneys to represent indigent parties in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Id*. at 654. Once this threshold burden has been met, the Court must address the following question:

given the difficulty of the case, does this plaintiff appear competent to litigate it himself?" *Id.* at 654–55 (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). Noticeably absent from the list of factors *Pruitt* instructs district courts to consider in deciding such motions, but presumably not wholly irrelevant, are the merits and substance of the plaintiff's claim.

Under the *Pruitt* standard, Mitchell has failed to demonstrate a need for court-recruited counsel. Here, Mitchell has not alleged that he is incompetent and has provided no specific evidence to support a finding that he lacks the competency to represent himself. There are no "fixed requirements" to determine whether a plaintiff is competent to litigate his own case. *Id.* at 655. A district court may consider "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* Information regarding "the plaintiff's intellectual capacity and psychological history" is also relevant. *Id.* Mitchell asserts that he has a limited knowledge of the law and has received help from "jail house lawyers." ECF No. 24 at 1. Despite these arguments, this Court finds Mitchell competent to proceed *pro se* in this case.

It is not enough to say that a lawyer might do a better job handling the case, since that would seem almost always to be the case. Rather, the question is whether the plaintiff would be unable to coherently present the case to a judge or jury. Here, there is no indication in the record that Mitchell's education or intelligence is limited. Mitchell has failed to provide the Court with any information about his general competence. He has also revealed an ability to litigate on his own behalf. His filings are neatly typed and his arguments are cogent. In short, there is nothing in the record to suggest that Mitchell does not have the same competence to represent himself as the vast number of other *pro se* litigants who cannot afford to hire an attorney and are unable to convince one to take their case on a contingent fee basis. In addition, this case is not complex. Mitchell's

2

claim appears to be a straightforward Eighth Amendment claim. Mitchell has knowledge of many of the relevant facts concerning his claim. I conclude that the difficulty of this case—both factually and legally—does not exceed Mitchell's capacity to represent himself. Accordingly, at this time, Mitchell's motion to appoint counsel will be denied without prejudice. The Court will give further consideration to Mitchell's request as the case proceeds.

**B. Motion to Amend the Complaint**

Mitchell has also filed a motion to amend his complaint to substitute the proper defendant for John Doe and to name the actual individual who put him in a headlock. Mitchell's motion, however, fails to comply with the local rule governing amendment of pleadings. Civil L.R. 15(b) states:

> A motion to amend a pleading must state specifically what changes are sought by the proposed amendments. The proposed amended pleadings must be filed as an attachment to the motion to amend.

Mitchell has failed to file a proposed amended complaint as an attachment to his motion. In other words, his motion only states a desire to amend the complaint; it fails to provide a copy of the proposed complaint he seeks to file. For this reason, Mitchell's motion will be denied. The denial, however, is without prejudice. To comply with the local rules, Mitchell need only take his original complaint and substitute the new defendant's name in all of the places he references John Doe and name the proper defendant who put him in a headlock. Then he can refile this motion with the proposed amended complaint. As the record now stands, however, Mitchell's motion to amend and supplement the complaint will be denied.

**C. Motions to Compel and for Sanctions**

Mitchell also filed a motion to compel and a motion to hold Defendants, Defendants' attorney, and WCI in contempt and to sanction them. The Court directs Defendants to respond to

Mitchell's motions on or before May 4, 2018. The Court will extend the discovery deadline by thirty days, until June 7, 2018, and extend the dispositive motion deadline until July 9, 2018.

**IT IS THEREFORE ORDERED** that Mitchell's motion to appoint counsel (ECF No. 24) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Mitchell's motion to amend and supplement the complaint (ECF No. 25) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants are to respond to Mitchell's motions to compel and for sanctions on or before **May 4, 2018**.

**IT IS FURTHER ORDERED** that the parties must complete discovery by **June 7, 2018** and file dispositive motions by **July 9, 2018**.

Dated this   4th   day of April, 2018.

        s/ William C. Griesbach
        William C. Griesbach, Chief Judge
        United States District Court