UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN BRIAN MITCHELL,

       Plaintiff,

v.                                                                                                                                               Case No. 17-C-920

ANDREW MOUNGEY, et al.,

       Defendants.

## ORDER

Plaintiff Kevin Brian Mitchell, who is currently representing himself, filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter comes before the court on Mitchell's second motion to compel free copies of his medical records. Mitchell filed his first motion to compel, seeking copies of his medical records, on June 1, 2018. The court denied the motion, concluding that Mitchell has the ability to access his medical records at Waupun Correctional Institution, he had not established that he cannot pay for copies of the documents he seeks, and the fact that he has been permitted to proceed *in forma pauperis* does not relieve him of his obligation to pay for the costs associated with pursuing this litigation. ECF No. 45.

In the present motion, Mitchell does not dispute that he has access to his medical records at Waupun Correctional Institution. Instead, he asserts that he cannot afford copies of his medical records, noting that he has only $0.05 in his account. But the court is not required to order that a defendant subsidize the litigation of prisoners or indigent litigants. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) ("[A] prisoner has no constitutional entitlement to subsidy to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is

important enough to fund."); *Goodvine v. Gorske*, No. 06C0862, 2010 WL 3743522, at *2 (E.D. Wis. Sept. 22, 2010) (declining to compel defendants to produce copies of plaintiff's medical file because plaintiff had been granted access to the file); *Stewart v. Barr*, No. 05-C-293-C, 2005 WL 6166745, at *2 (W.D. Wis. Nov. 30, 2005) ("[D]efendants have no obligation to provide plaintiff with free copies of his medical records.").

Mitchell has also failed to advise the court as to how many pages of his medical records he wants copied or why. Depending on his health history, his medical file could contain hundreds or even thousands of pages that have little or nothing to do with his claim. To shift the cost of producing such records to the institution in every case in which an indigent inmate asserts a claim involving his medical care would be unreasonably burdensome. The court will not compel the defendants to pay for an indefinite number of copies, as Mitchell has reasonable access to his medical records where he can review the documents and take notes of those records that are relevant to his claim. Like any other civil litigant, Mitchell must decide whether and how to spend his own funds or funds from his legal loan account on the discovery process to advance his claims.

**IT IS THEREFORE ORDERED** that Mitchell's motion to compel (ECF No. 48) is **DENIED**.

Dated this   2nd   day of July, 2018.

                                                 s/ William C. Griesbach
                                                 William C. Griesbach, Chief Judge
                                                 United States District Court